IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-01797-PAB-CBS

BLAINE W. KLINGEMANN,

      Plaintiff,

v.

BREG, INC.,

      Defendants.

---

## PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS

WHEREAS, the parties, through their counsel, have requested or may request other parties to make available for inspection and/or copying documents and various materials; and

WHEREAS, Defendant contends that good cause exists for the entry of a protective order as some or all of those documents are in whole or in part proprietary information, competitively sensitive, confidential business records, and/or trade secrets, all of which are "confidential" as herein defined; and

WHEREAS, Defendant requires that the confidentiality of the documents and the information contained in those documents be maintained; and

WHEREAS, the parties and their attorneys have agreed to comply with the letter and intent of that confidentiality;

NOW, THEREFORE, IT IS HEREBY UNDERSTOOD AND AGREED upon by this stipulation of the parties, and an Order of the Court is requested, as follows:

## SECOND PROPOSED PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS

1.      At such time as Breg or its counsel deliver to the parties or their attorneys any documents in this case, or divulge any information contained therein, Breg's counsel shall designate as "CONFIDENTIAL" any such documents, materials, or information Breg claims constitute or contain confidential documents and/or information.  This designation shall be subject to the signature requirements of Federal Rule of Civil Procedure 26(g).  As used herein, the term "confidential document" means any document containing proprietary, confidential, and/or trade secret information and designated by Breg as "CONFIDENTIAL."

2.      The parties and their attorneys shall not give, show or otherwise directly or indirectly disclose any "CONFIDENTIAL documents" or the substance thereof, or any copies, prints, negatives, or summaries thereof, to any entity or person except the parties herein and any agents, experts, or consultants employed by the parties or their attorneys in connection with and solely for this action.

3.      Any and all of the parties' experts and/or consultants who are permitted access to "CONFIDENTIAL documents" pursuant to this Joint Motion and Protective Order shall be presented with a copy of this Joint Motion and Order.  Those experts and/or consultants shall be required to execute the document attached as Exhibit A, acknowledging their agreement to act in accord with the terms specific to this Joint Motion and Order.  Those experts and/or consultants shall not give, show, or otherwise directly or indirectly disclose any "CONFIDENTIAL documents" to any entity or person, except as may be necessary in preparing to render or rendering expert advice or assistance in and solely for this action only.  Further, to the extent those experts and/or consultants utilize Breg's CONFIDENTIAL documents in reports or other documents, the CONFIDENTIAL documents shall be reproduced exactly as they appeared when

produced by Breg.  The "CONFIDENTIAL" stamp must remain on any "CONFIDENTIAL" documents, so that any other expert and/or consultant who may review the documents knows what information is protected.

4.    At the conclusion of the work of such experts, consultants, counsel, or other persons as described in Paragraph 3 herein, all "CONFIDENTIAL documents" shall be returned to the attorneys who retained the expert or consultant or who otherwise provided access to the "CONFIDENTIAL documents."  Upon completion of the trial and any appeals in this action and the satisfaction of any judgment, or upon the conclusion of any settlement or other resolution of this action, the parties' attorneys shall return all "CONFIDENTIAL documents," including all copies thereof, to Breg's counsel within sixty (60) days.  Alternatively, within the same sixty (60) day period, the parties' attorneys shall provide an Affidavit certifying that all "CONFIDENTIAL documents" have been shredded.

5.    The parties to this action and their attorneys agree that all objections, including, but not limited to, objections based on relevancy, materiality, and privilege, are reserved, and that all objections to admissibility may be asserted at the time of trial of any action in which "CONFIDENTIAL documents" are used or offered, should any party deem objections proper, unless otherwise barred by order of the Court.

6.    Any "CONFIDENTIAL documents" attached as an exhibit to any deposition taken in this action, and any deposition testimony containing information from "CONFIDENTIAL documents" and/or materials, and any papers filed with the Court in this action, which include or summarize any deposition transcripts, testimony, or exhibits containing information derived or taken from "CONFIDENTIAL documents," shall be sealed and protected from disclosure by this Joint Motion and Protective Order, and neither the Plaintiff nor Plaintiff's

attorneys nor any other party hereto shall attack the propriety of the sealing or protection of "CONFIDENTIAL documents" or any depositions, exhibits, or papers filed with the Court after the conclusion of this litigation, whether by judgment or settlement or by any other means of dispute resolution. No confidential documents may be filed under seal without first complying with D.C.COLO.LCivR 7.2. The use of any "CONFIDENTIAL documents" during depositions in this action does not waive the terms of this Joint Motion and Protective Order.

7.     Any "CONFIDENTIAL documents" filed with the Court in this action, in addition to being filed under seal and pursuant to the terms of this Agreement, shall be produced in the Court filing exactly as they appeared when produced by Breg; the "CONFIDENTIAL" stamp must remain on any "CONFIDENTIAL" documents, so that the Court and its personnel know what information filed under seal is protected.

8.     The terms of this Joint Motion and Protective Order shall remain fully active until released by written consent of Breg. The Court shall retain jurisdiction over the parties, this Joint Motion and Protective Order, and recipients of "CONFIDENTIAL documents" for the sole purpose of enforcing this Joint Motion and Protective Order and adjudicating claims of breaches thereof and administering damages and other remedies related thereto. The provisions of this Joint Motion and Protective Order shall continue to be binding as to the "CONFIDENTIAL documents" produced pursuant to it.

9.     Upon execution of this Joint Motion by the attorneys of record for the parties, the parties and their attorneys agree that they shall adhere to and be bound by this Joint Motion prior to and until the Court enters a Protective Order pursuant to this Joint Motion.

10.     If one of the parties reasonably believes that any document or information should not have been designated as "CONFIDENTIAL," that party must specify, in writing, to Breg: (a)

the document or information at issue and; (b) the grounds for questioning the confidentiality designation. The party questioning the designation and Breg must meet and confer in good faith in an attempt to resolve the designation without the Court's intervention. Upon written notice to Breg that the disagreement with respect to the designation cannot be resolved informally, Breg has thirty (30) days to move the Court for a protective order approving of the "CONFIDENTIAL document" designation. Until the Court rules, the confidentiality designation shall remain in effect. If Breg's motion for protection is denied, the document or information shall no longer be designated as "CONFIDENTIAL." Nothing in this paragraph shall be construed as changing the burden of proof set forth in the Federal Rules of Civil Procedure. Any challenges to the designation of confidentiality of a document must be raised no later than 45 days before the dispositive motion deadline in this matter.

11.     If a party inadvertently produces a "CONFIDENTIAL document" containing confidential information without marking or labeling it as such, the information shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the designating party provides written notice to the receiving party within ten (10) days of the discovery of the inadvertent production of the document, identifying the document in question and of the corrected confidential designation for the document.

12.     Inadvertent production of any document that a party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege. The designating party may request the return of any Inadvertently Produced Privileged Document. A request for the return of an Inadvertently Produced Privileged

Document shall identify the document inadvertently produced and the basis for withholding such document from production. If a party or nonparty requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party or nonparty, such other party shall within five (5) business days return to the requesting party or nonparty the Inadvertently Produced Privileged Document and all copies thereof. The party returning such material then may move the Court for an order compelling production of the material, but that party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production. In the event that the receiving party objects to the privilege designation, the producing party shall produce the subject document to the court, under seal, for in camera inspection.

13. Nothing herein shall govern the procedures to be used at trial, which shall be set by this Court immediately preceding the commencement of trial.

14. The Court retains jurisdiction to enforce or, upon stipulation of the parties to this action, to amend or modify, the Protective Order.

IT IS SO ORDERED.

Dated: October 19, 2010.

BY THE COURT:


s/Craig B. Shaffer
U.S. Magistrate Judge

IT IS SO STIPULATED AND JOINTLY MOVED.

Dated: October 18, 2010


For Plaintiff :

s/ Robert K. Jenner
Robert K. Jenner
Brian D. Ketterer
Elisha N. Hawk
Janet, Jenner & Suggs, LLC
1829 Reisterstown Road, Suite 320
Baltimore, Maryland 21208
Tel: 410-653-3200
Fax: 410-653-9030
rjenner@medlawlegalteam.com
bketterer@medlawlegalteam.com
ehawk@medlawlegalteam.com


and


s/ Jeff S. Gibson
Irwin B. Levin
Greg L. Laker
Jeff S. Gibson
David B. Allen
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Tel: 317-636-6481
Fax: 317-636-2593
glaker@cohenandmalad.com
ilevin@cohenandmalad.com
jgibson@cohenandmalad.com


and


Aimee H. Wagstaff
Andrus Boudreaux, PLC
1999 Broadway, Suite 4150
Denver, Colorado 80202
Tel: 303-376-6360
Fax: 303-376-6361
aimee.wagstaff@ab-plc.com

For Defendants:

s/ Carli D. Pearson
Sheryl A. Bjork
Carli D. Pearson
Mary T. Novacheck
BOWMAN AND BROOKE
150 South Fifth Street, Suite 3000
Minneapolis, Minnesota 55402
Tel: 612-339-8682
Fax: 612-672-3200
Sheryl.bjork@bowmanandbrooke.com
Carli.pearson@bowmanandbrooke.com
Mary.novacheck@bowmanandbrooke.com


and


Jeffrey R. Pilkington
Jordan Lee Lipp
DAVIS GRAHAM & STUBBS, LLP
1550 17th Street, Suite 500
Denver, Colorado 80202
Tel: 303-892-9400
Fax: 303-893-1379
jeff.pilkington@dgslaw.com
Jordan.lipp@dgslaw.com